UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

MIKE COSTELLO,

                                        Plaintiff,

                - versus -

LIQUOR TOWN, INC., a New York
corporation, d/b/a LIQUOR TOWN, and
MAPLE10 LLC, a New York limited liability
company,
                                        Defendants.

ORDER DIRECTING ENTRY
OF DEFAULT JUDGMENT
INCLUDING AWARD OF
INJUNCTIVE RELIEF

11-CV-0282 (JG) (ALC)

JOHN GLEESON, United States District Judge:

        Plaintiff Mike Costello commenced this action on January 19, 2011, alleging

violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the

Administrative Code of the City of New York § 8-107 *et seq.* ("New York City Human Rights

Law" or "NYCHRL"), and the New York State Executive Law § 296 *et seq.* ("New York State

Human Rights Law" or "NYSHRL").  Costello's complaint named two defendants: Liquor

Town, Inc. ("Liquor Town"), the owner of a store located in Brooklyn, New York, where

Costello was allegedly denied equal access based on his disability, and Maple10, LLC

("Maple10"), the owner and lessor of the property on which Liquor Town is located.[1]

---

[1]        Title III of the ADA prohibits discrimination against individuals "on the basis of disability in the
full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of
public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."
42 U.S.C. § 12182(a).  The ADA's implementing regulations make clear that "[b]oth the landlord who owns the
building that houses a place of public accommodation and the tenant who owns or operates the place of public
accommodation are public accommodations subject to the requirements of this part."  28 C.F.R. § 36.201.
Accordingly, Maple10, as the lessor and owner of the Liquor Town premises, may be liable under the ADA.  And
disability discrimination claims under the NYCHL and NYSHL are governed by the same legal standards as federal
ADA claims, except that the NYCHL and NYSHL definitions of "disability" are broader than that under the ADA.
*See Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117 (2d Cir. 2004); *Davis v. City of N.Y. Health &*

On March 21, 2011, the Clerk of the Court entered a certificate of default, noting the default of defendant Maple10.  *See* Dkt. 9.  The notation of default indicated that Maple10 had failed to plead or otherwise defend the action in spite of receiving service of the summons and complaint.  On April 11, 2011, Costello moved for entry of a default judgment against Maple10.  *See* Dkt. 10.  Upon my referral, Magistrate Judge Carter issued a report and recommendation, recommending that I deny Costello's motion on the ground that Costello failed adequately to allege that he suffered from a qualifying disability for purposes of the ADA, NYSHRL, and NYSCHRL.  *See* Dkt. 14.  On December 21, 2011, Costello filed a timely objection to Judge Carter's report and recommendation.  *See* Dkt. 17.  After considering Judge Carter's report and recommendation and Costello's objection thereto, I decline to adopt Judge Carter's report and recommendation and hereby grant Costello's motion for default judgment and direct the Clerk of the Court to enter default judgment against Maple10.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that

1.    Maple10 is directed to remove architectural barriers on the Liquor Town premises that constitute violations of the ADA, NYSHL and/or NYCHL, as described in the Complaint.

2.    Maple10 is liable to Costello in the amount of one thousand dollars ($1000.00) in compensatory damages based on its violation of the NYSHL and NYCHL.

3.    Maple10 must comply with the terms of this order within sixty (60) days of entry of the judgment.

---

*Hosps. Corp.*, 08 Civ. 0435 (LAP), 2011 WL 4526135, at *6 (S.D.N.Y. Sept. 29, 2011); *Burton v. Metro. Transp. Auth.*, 244 F. Supp. 2d 252, 257-58 (S.D.N.Y. 2003).

4.      This court retains jurisdiction relating to Costello's attorney's fees, and

any motions regarding Costello's attorney's fees shall be filed within

thirty (30) days of entry of the judgment.

So ordered.


John Gleeson, U.S.D.J.

Dated: December 30, 2011
        Brooklyn, New York